UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY WALLACE, | |
| Petitioner, | CIVIL ACTION NO. 1:15-CV-01114 |
| v. | (CALDWELL, J.)<br>(SAPORITO, M.J.) |
| BRENDA TRITT, Facility Manager, | |
| Respondent. | |

## REPORT AND RECOMMENDATION

On June 8, 2015, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2254,[1] signed and dated by the petitioner on June 3, 2015. (Doc. 1). At the time of the filing of this federal habeas petition, the petitioner was incarcerated at SCI Frackville, which is located in Schuylkill County, Pennsylvania.

The petitioner challenges his May 2002 conviction and sentence in the Court of Common Pleas of Lehigh County for first-degree murder. *Commonwealth v. Wallace*, Docket No. CP-39-CR-0001633-2001 (Lehigh

---

[1] The Court notes that the petition purports to have been brought pursuant to 28 U.S.C. § 2241. But because the petitioner is in custody pursuant to the judgment of a state court, his petition is governed by 28 U.S.C. § 2254. *See Coady v. Vaughn*, 251 F.3d 480, 484 (3d Cir. 2001).

County C.C.P.).[2] His conviction and sentence were affirmed on direct appeal by the Superior Court of Pennsylvania on July 28, 2003. *Commonwealth v. Wallace*, Docket No. 3298 EDA 2002 (Pa. Super. Ct.). He filed a petition for allocatur in the Supreme Court of Pennsylvania, which was denied on May 11, 2004. *Commonwealth v. Wallace*, Docket No. 620 MAL 2003 (Pa.).

The petitioner subsequently filed a PCRA motion in the state trial court on April 21, 2005, which was denied by the PCRA court on March 20, 2007. *Commonwealth v. Wallace*, Docket No. CP-39-CR-0001633-2001 (Lehigh County C.C.P.). This PCRA order was affirmed on appeal by the Superior Court of Pennsylvania on April 9, 2008. *Commonwealth v.*

---

[2] In addition to the petition, a federal habeas court may take judicial notice of state and federal court records. *Montanez v. Walsh*, No. 3:CV-13-2687, 2014 WL 47729, at *4 n.1 (M.D. Pa. Jan. 7, 2014); *see also Reynolds v. Ellingsworth*, 843 F.2d 712, 714 n.1 (3d Cir. 1988). Accordingly, in reviewing this petition, the Court has taken judicial notice of the publicly available dockets of criminal and collateral post-conviction proceedings in the Court of Common Pleas of Lehigh County, the Superior Court of Pennsylvania, and the Supreme Court of Pennsylvania, available online at https://ujsportal.pacourts.us/DocketSheets.aspx, as well as the publicly available dockets of federal habeas proceedings in the United States District Court for the Eastern District of Pennsylvania and the United States Court of Appeals for the Third Circuit, available online at https://www.pacer.gov, and the Supreme Court of the United States, available online at http://www.supremecourt.gov.

*Wallace*, Docket No. 993 EDA 2007 (Pa. Super. Ct.). He filed a petition for allocatur in the Supreme Court of Pennsylvania, which was denied on January 6, 2009. *Commonwealth v. Wallace*, Docket No. 376 MAL 2008 (Pa.).

The petitioner previously challenged this very same state court judgment in federal habeas proceedings before the United States District Court for the Eastern District of Pennsylvania, which denied his petition on the merits pursuant to 28 U.S.C. § 2254(d). *See Wallace v. Lawler*, Civil Action No. 09-345, 2009 WL 6499362 (E.D. Pa. June 30, 2009) (U.S. Magis. J. report), *supplemented by* 2010 WL 2105102 (E.D. Pa. Mar. 25, 2010) (U.S. Magis. J. supp. report), *approved and adopted by* 2010 WL 2105099 (E.D. Pa. May 21, 2010), *certificate of appealability denied*, No. 10-2968 (3d Cir. Nov. 18, 2010), *cert. denied*, 132 S. Ct. 221 (2011).[3] In the instant petition, the petitioner claims that he is being unlawfully held in custody because the state court's form committing him to the custody of the Pennsylvania Department of Corrections was defective. Because this claim

---

[3] The petitioner also filed a second § 2254 petition in the same federal district court, which was dismissed without prejudice for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2244(b)(2). *See Wallace v. Lawler*, Docket No. 5:10-cv-02163 (E.D. Pa. dismissed May 21, 2010).

could have been raised in his initial federal habeas petition, the instant petition is a "second or successive" petition as to which this Court lacks subject matter jurisdiction in the absence of pre-authorization by the United States Court of Appeals for the Third Circuit. *See* 28 U.S.C. § 2244(b); *Benchoff v. Colleran*, 404 F.3d 812, 815–17 (3d Cir. 2005).

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED** for lack of subject matter jurisdiction pursuant to 28 U.S.C. § 2244(b)(2), without prejudice to the petitioner's right to seek pre-authorization from the Third Circuit under 28 U.S.C. § 2244(b)(3). It is further recommended that the Court decline to issue a certificate of appealability, as the petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *see also Miller-El v. Cockrell*, 537 U.S. 322, 335–36 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**Dated: June 19, 2015**  *s/ Joseph F. Saporito, Jr.*
**JOSEPH F. SAPORITO, JR.**
**United States Magistrate Judge**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GARY WALLACE, | |
| Petitioner, | CIVIL ACTION NO. 1:15-CV-01114 |
| v. | (CALDWELL, J.) |
| | (SAPORITO, M.J.) |
| BRENDA TRITT, Facility Manager, | |
| RESPONDENT. | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated June 19, 2015. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

- 2 -

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

**Dated: June 19, 2015**                 *s/ Joseph F. Saporito, Jr*.
                                          **JOSEPH F. SAPORITO, JR.**
                                          **United States Magistrate Judge**